**MANUS SPORTS GLOVES, LLC et al., Plaintiffs,**

v.

**EVERLAST WORLDWIDE, INC., Defendant.**

**No. 10 Civ. 1230(VM).**

United States District Court, S.D. New York.

Dec. 23, 2010.

Adam Everard Wactlar, Daren M. Orzechowski, James Stephen Trainor, Jr., White & Case LLP, Regina Malka Alter, Butzel Long, P.C., New York, NY, for Plaintiff and Counter Defendant.

Robert B. Golden, Myron Greenspan, Lackenbach Siegel LLP, Scarsdale, NY, Jed Richard Schlacter, Schlacter & Associates, New York, NY, for Defendant and Counter Claimants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs Manus Sports Gloves, LLC and Charles P. Melone, Jr., M.D. ("Melone", together with Manus Sports Gloves, LLC, "Plaintiffs"), by letter dated Novem-

ber 29, 2010 (the "November 29 Letter"), have petitioned for a pre-motion conference to discuss Plaintiffs' proposed motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)"). For the reasons set forth below, the Court denies the request for a pre-motion conference. Treating the November 29 Letter as constituting a motion for partial judgment on the pleadings, the Court denies that motion as well.

Plaintiffs indicated in the November 29 Letter that they would seek judgment on the pleadings that defendant Everlast Worldwide, Inc. ("Everlast") intended to deceive the public into believing that certain Everlast products were patented by Melone for Everlast, in violation of 35 U.S.C. § 292(a), and as alleged in Count VI of the Second Amended Complaint. Plaintiffs contend that they have established the requisite element of intent because no reasonable finder of fact could conclude that Everlast had a reasonable belief that the products were patented by Melone or that Plaintiffs consented to Everlast's advertising the products as patented by Melone.

Everlast responded by letter dated December 2, 2010. Not surprisingly, Everlast argues that the pleadings do not establish Plaintiffs' entitlement to judgment under Rule 12(c) because Everlast denied Plaintiffs' intent allegation. Additionally, Everlast argues that Rule 12(c) is not the appropriate vehicle to resolve Plaintiffs' claim under 35 U.S.C. § 292(a) because there are facts which, if proven, could defeat Plaintiffs' claim. According to Everlast, even if Plaintiffs were correct that the evidence establishes Everlast's knowledge of falsity, Everlast could still prevail if it proved lack of intent to deceive.

The Court finds that Everlast has the stronger of the arguments. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363–65

(Fed.Cir.2010) (defendant may defeat claim under 35 U.S.C. § 292(a) if it "can prove that it did not consciously desire the result that the public be deceived"). The Court is not persuaded that motion practice is warranted at this point, particularly if resolution of Plaintiffs' 35 U.S.C. § 292(a) claim will turn on the ordinarily fact-laden issue of intent. *Cf. Citiline Holdings, Inc. v. iStar Fin. Inc.*, 701 F.Supp.2d 506, 516 n. 3 (S.D.N.Y.2010) (permitting claims to proceed to discovery because "a fact finder will be in a far better position to determine if Defendants acted with [the requisite] intent ... than the Court would be solely on the basis of the pleadings"). Accordingly, Plaintiffs' request for a pre-motion conference is denied, as is the motion the Court has deemed contained in the November 29 Letter.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the request of plaintiffs Manus Sports Gloves, LLC and Charles P. Melone, Jr., M.D. (collectively, "Plaintiffs") for a pre-motion conference is DENIED; and it is further

**ORDERED** that the motion for partial judgment on the pleadings that the Court has deemed contained in Plaintiffs' letter of November 29, 2010 is DENIED.

**SO ORDERED.**